### RODRÍGUEZ *v.* SAN MIGUEL ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 23.—Resuelto en Octubre 21, 1903.

TESTAMENTOS.—INSTITUCIÓN DE HEREDEROS.—Un testamento por el que se
  instituya como único y universal heredero de los bienes del testador á un
  hijo natural, no puede ser impugnado á título de inoficioso bajo el pre-
  texto de que en él no se comprendiera á otro hijo natural, toda vez que el
  instituir heredero á un hijo natural es un acto puramente voluntario del
  testador.

PETICIONES DE NULIDAD.—Las peticiones de nulidad sólo pueden ser formu-
  ladas por los interesados directamente en el acto ó contrato que se preten-
  da anular.

had already begun to undergo the subsidiary imprisonment for non-payment of the fine, he presented a petition for a writ of *habeas corpus* to the Supreme Court, alleging that such imprisonment was illegal, because the maximum imprisonment to which he could have been sentenced being three months, according to section 368 of the Penal Code, the additional or cumulative punishment imposed for non-payment of the fine, cannot exceed this limit, according to section 322 of the Code of Criminal Procedure.

*Mr. Falcón*, for petitioner.

*Mr. del Toro, Fiscal*, for the People.

No. 23.—Decided October 21, 1903.

DEMANDS OF NULLITY.—Demands of nullity can be made only by those directly interested in the act or contract sought to be annulled.

ACCIONES.—Las acciones no ejercitadas antes de regir el Código Civil antiguo subsistirán en la extensión y en los términos que les reconociera la legislación anterior á dicho Código, pero habrán de sujetarse en cuanto á su ejercicio y duración á lo dispuesto en el expresado Código Civil.

HERENCIA.—Los derechos á la herencia de una persona que hubiese fallecido con testamento ó sin él, antes de hallarse en vigor el antiguo Código Civil, se regirán por la legislación anterior á dicho Código.

HIJOS NATURALES.—HEREDEROS FORZOSOS.—Con arreglo á la legislación anterior al antiguo Código Civil, los hijos naturales reconocidos no tenían en ningún caso, respecto á su padre natural, la consideración de herederos forzosos teniendo derecho, solamente, al morir el padre sin testamento, y sin dejar hijos ó descendientes legítimos, á una sexta parte de la herencia que debían partir con su madre.

ID.—Aunque la ley de 16 de Mayo de 1835, llamaba á los hijos naturales reconocidos á la herencia del padre, esto era sólo en defecto de descendientes ó ascendientes legítimos y de colaterales dentro del cuarto grado civil inclusive, y siempre en el caso de la sucesión intestada del padre, pues muriendo éste con testamento todo el derecho del hijo natural se reducía á reclamar alimentos al heredero instituido.

TESTAMENTOS.—Las palabras del testador deben entenderse llanamente y como suenan, á no ser que aparezca de cierto que fuera otra su voluntad.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo de mayor cuantía seguido en el Tribunal de Distrito de Arecibo, entre partes, de la una, Doña Florentina Rodríguez y Rivera, asistida de su esposo Don Antonio María Santiago, vecino de Ciales, por su propio derecho, como heredera ab-intestato de su hijo natural reconocido, Don Cándido San Miguel y Rodríguez, como demandante, representada por su abogado defensor, Don Elpidio de los Santos Laguardia, y de la otra, Don Angel Pedro San Miguel y Rodríguez y Don José San Miguel Prieto, propietarios, vecinos de Ciales, mayores de edad, como demandados, representados y dirigidos por su abogado defensor Don Wenceslao Bosch, sobre nulidad de operaciones divisorias, querella de inoficioso testamento, petición de herencia y rendición de cuentas, pendientes ante Nos á virtud del recurso de casación por infracción de ley, hoy de apelación, interpuesto por la demandante Doña Florentina Rodríguez contra la sentencia pronunciada por el expresado Tribunal de Distrito, que transcrita literalmente dice así:

Sentencia número 6.—En Arecibo, á 13 de Febrero de 1903.—Visto en

ACTIONS.—Actions not exercised before the old Civil Code went into effect, shall continue to the extent and in the terms they were recognized by the legislation prior to said Code, but shall be subject, as to their exercise and duration, to the provisions of aforesaid Civil Code,

INHERITANCE.—Rights to the inheritance of a person who died, whether testate or intestate, before the old Civil Code went into effect, shall be governed by the legislation prior to said Code.

NATURAL CHILDREN.—HEIRS BY FORCE OF LAW.—Under the legislation existing prior to the old Civil Code, acknowledged natural children had in no case, with respect to their natural father, the consideration of heirs by force of law, being entitled, in case of their father's dying intestate and without leaving legitimate children or descendants, only to one-sixth part of the inheritance which they were to divide with their mother.

ID.—Although the law of May 16, 1835, admitted acknowledged natural children to the father's inheritance, this was only in the absence of legitimate descendants or ascendants, and of collaterals within the fourth civil degree inclusive, and always in case of the father's intestate succession, for if he died testate, all the right of the natural child was limited to a demand of support from the instituted heir.

WILLS.—The words of the testator should be understood in their literal meaning, unless it is shown that his intention was different.

### STATEMENT OF THE CASE.

In the declaratory action of greater import, prosecuted in the District Court of Arecibo by Florentina Rodriguez y Rivera, joined by her husband, Antonio María Santiago, a resident of Ciales, in her own right as intestate heir of her acknowledged natural son, Cándido San Miguel y Rodriguez, as plaintiff, represented by her attorney Elpidio de los Santos Laguardia, against Angel Pedro San Miguel y Rodriguez and José San Miguel Prieto, defendants, property owners, residents of Ciales, of legal age, represented by their counsel Wenceslao Bosch, in regard to the nullity of the partition of an estate, complaint of inofficious testament, and petition for declaration of inheritance and an accounting, pending before us on appeal in cassation for error of law, now appeal, taken by the plaintiff Florentina Rodriguez, from the judgment rendered by said District Court of Arecibo, which literally copied, reads as follows:

"Judgment No. 6.—In Arecibo this 13th day of February 1903. Upon oral and public hearing in this district court, of the action for the annulment of the partition of an estate, complaint of inofficious testament, petition for declaration of inheritance and an accounting, instituted by Florentina

juicio oral y público ante esta Corte de Distrito el pleito sobre nulidad de operaciones divisorias, querella de inoficioso testamento, petición de herencia y rendición de cuentas, promovido por Doña Florentina Rodríguez Rivera, mayor de edad, casada, asistida de su esposo Don Antonio María Santiago, de Ciales, por su propio derecho, como heredera ab-intestato de su hijo natural reconocido, Don Cándido San Miguel y Rodríguez, representada y dirigida por el Letrado Don Elpidio de los Santos Laguardia, contra Don José San Miguel y Prieto y Don Angel Pedro San Miguel y Rodríguez, propietarios, vecinos de Ciales, mayores de edad y representados por el Letrado Don Wenceslao Bosch.

I.—*Resultando:* que con fecha de 30 de Junio último, el Licenciado Don Elpidio de los Santos Laguardia presentó ante este Tribunal á voz y nombre de Doña Florentina Rodríguez Rivera de Santiago, una demanda ejercitando las acciones de inoficioso testamento, petición de herencia, expletoria ó *adsuplementum*, y de rendición de cuentas, contra Don José San Miguel y Prieto y Don Angel Pedro San Miguel y Rodríguez, exponiendo: que Doña Florentina ó Flora Rodríguez y Rivera vivió maridablemente durante algunos años con Don Manuel San Miguel y Prieto, procreando con éste dos hijos, uno que se llama Don Angel Pedro San Miguel y Rodríguez, y el otro que se llamó Don Cándido San Miguel y Rodríguez, que falleció en la impubertad el 26 de Abril de 1892, á los diez años, siete meses y veinte y dos días de edad, según su partida de bautismo que con la de defunción ocupan los folios 11 y 12 de los autos sobre declaratoria de herederos ab-intestato de él á su madre natural, su representada; que Don Manuel San Miguel y Prieto falleció en Ciales el 26 de abril del 84; que Don Cándido San Miguel y Rodríguez, si bien no estaba nacido estaba próximo á nacer cuando en 8 de Junio del 81 otorgó Don Manuel San Miguel y Prieto el poder especial para testar después de su muerte, á favor de su hermano Don José, por eso es que en dicho poder para testar reconocía al único nacido Don Angel Pedro y le instituía por heredero y por eso es también que del mismo poder consta el reconocimiento tácito que Don Cándido hizo al disponer en dicho poder especial, entre otros mandatos, que se nombraran tutores y curadores á sus hijos, albaceas y contadores que practicaran la división; y evidente es, por ello, que conceptuaba como producto de su unión con Doña Flora lo por ella concebido y próximo á nacer, y después fué Don Cándido San Miguel y Rodríguez hijo natural de ambos, declarado como tal en la partida parroquial de bautismo y después, prévios los trámites de ley, en la resolución dictada por esta Corte, debidamente inscrita en el Registro Civil de Ciales, y, por consiguiente, reconocida la cualidad de hijo natural de Don Manuel San Miguel y Prieto y de Doña Flora Rodríguez al citado menor Don Cándido San Miguel y Rodríguez, fallecido en 26 de Abril de 1892, ó sea á los diez años, siete meses, veinte y dos días de haber nacido; que Don José San

Rodriguez Rivera, of legal age, and married, joined by her husband Antonio María Santiago, of Ciales, in her own right as intestate heir of her acknowledged natural son, Cándido San Miguel y Rodriguez, represented by Elpidio de los Santos Laguardia, against José San Miguel y Prieto and Angel Pedro San Miguel y Rodriguez, property-owners, residing in Ciales, of legal age, and represented by Wencestao Bosch.

I.—On June 30 last, attorney Elpidio de los Santos Laguardia brought in this court, on behalf of Florentina Rodriguez Rivera de Santiago, an action of inofficious testament, petition of inheritance, *expletoria* or *ad-supplementum* and an accounting against José San Miguel y Prieto and Angel Pedro San Miguel y Rodriguez, setting forth that Florentina or Flora Rodriguez y Rivera, had lived for some years with Manuel San Miguel y Prieto as his wife and had borne two sons to him, one called Angel Pedro San Miguel y Rodriguez and the other Cándido San Miguel y Rodriguez who died on April 26, 1892, before he had reached the age of puberty, being ten years, seven months and twenty-two days old, according to his certificate of baptism which, together with that of his death, appears on folios 11 and 12 of the record in the proceedings for the declaration of his natural mother, Laguardia's client, as his intestate heir; that Manuel San Miguel y Prieto had died in Ciales on April 26, 1884; that Cándido San Miguel y Rodriguez, though not yet born, was about to be born, when on June 8, 1881, Manuel San Miguel y Prieto executed a special power of attorney in favor of his brother José authorizing him to make his will after his death, which is the reason why in said power of attorney he had acknowledged Angel Pedro as the only child born to him and constituted him his heir, and this is also the reason why in the same power of attorney his acknowledgment of Cándido is implied when providing therein, among other requests, that guardians and curators be appointed for his children, as also testamentary executors and auditors, to make the partition, which clearly indicates that the child about to be born and who was afterwards known as Cándido San Miguel y Rodriguez was considered by him as the result of his union with Flora, being the natural offspring of both, said child having been declared as such in the parochial entry of baptism and subsequently, after the proper legal proceedings, in a decision rendered by this court and duly entered in the Civil Registry of Ciales, thereby recognizing the aforesaid minor, Cándido San Miguel y Rodriguez, deceased April 26, 1892, that is to say, ten years, seven months and twenty-two days after his birth, as the natural child of Manuel San Miguel y Prieto and Flora Rodriguez; that while José San Miguel y Prieto had been managing the real and personal property and property rights and actions, left at the death of Manuel San Miguel y Prieto, from the record of the testamentary proceedings is ·does not appear that he had executed the bond as ordered by the court in conformity with

Miguel y Prieto ha estado administrando los bienes muebles, semovientes é inmuebles y derechos y acciones que quedaron al fallecimiento de Don Manuel San Miguel y Prieto, sin que de los autos testamentarios conste que otorgara la fianza acordada por el Juzgado conforme con lo solicitado por el Ministerio Fiscal, sin que hasta ahora haya rendido cuentas de su gestión, por más que ha estado administrando los bienes del finado, ascendientes á cantidad muy superior á los ocho mil dollars que aparecen entregados al menor Don Angel Pedro por haber arribado á la mayor edad, no obstante tener declarado Don José San Miguel y Prieto que los bienes que pertenecían á su sobrino Don Angel Pedro San Miguel, importaban antes del 8 de Agosto del 99 veinte y tres mil ciento cuarenta pesos mexicanos, ignorando su representada los detalles y todo cuanto se refiere al poder para testar, al testamento por comisario, al discernimiento del cargo de tutor y curador no pudo facilitar á su Letrado Director los antecedentes al caso, por lo que éste, en uso del derecho que otorga el artículo 496 de la Ley de Enjuiciamiento Civil, solicitó que los referidos Don José San Miguel y Prieto y Don Pedro Angel, antes citados, prestaran declaración jurada acerca de la exhibición del testamento, codicilo ó memoria testamentaria y que Don José San Miguel y Prieto prestara declaración jurada acerca de si quedó como depositario y administrador de los bienes dejados por Don Manuel San Miguel y Prieto á su fallecimiento; si fué albacea testamentario, y en caso negativo que expresara en que concepto y á virtud de que títulos tenía en su poder los bienes de todas clases que pertenecían á Don Manuel San Miguel y Prieto; que igual declaración debía prestar Don Pedro en cuanto á los bienes que fueron de Don Manuel San Miguel y Prieto y que en parte le habían sido pasados al Don Angel Pedro por Don José San Miguel y Prieto, todo bajo apercibimiento, con indecisorio juramento, de ser declarados confesos acerca de los particulares ya referidos, como preparatorias de las diligencias, digo gestiones, judiciales que se proponía practicar su representada en defensa de sus derechos de heredera ab-intestato de su hijo natural Don Cándido San Miguel y Rodríguez, al que á su vez le correspondía la herencia intestada del referido Don Manuel San Miguel y Prieto, dada su cualidad de hijo natural del citado Don Manuel, cuyo escrito fué presentado en 3 de Julio del año 1901 con la certificación del auto que contiene la declaratoria de heredero ab-intestato de su representada como madre natural de su finado hijo Don Cándido San Miguel y Rodríguez; y por escrito de 22 de Julio, fecha de la presentación, suscrito por el Licenciado Bosch, designan la Notaría de Manatí y la de La Torre en Arecibo, como archivos donde radicaban el testamento de las operaciones de inventarios, división y partición de bienes, quedando pendiente la declaración jurada acerca de los demás particulares que constan del escrito de promoción del expediente sobre exhibición de documentos y declaración jurada por Don José San Miguel Prieto; y que excluido

the request of the Attorney General, nor had he up to the present time rendered an account of his management, although he had been administering the property of the deceased, which amounted to considerably more than the eight thousand dollars that appear to have been delivered to the minor Angel Pedro upon his attaining his majority, notwithstanding José San Miguel y Prieto had declared that the property belonging to his nephew Angel Pedro San Miguel, prior to August 8, 1899, was worth twenty-three thousand four hundred and forty Mexican *pesos*, but his client being unacquainted with the details and everything regarding the power to execute the will, the will by commission and the appointment of a guardian and curator she was unable to furnish her counsel with all the facts in the case, for which reason, availing himself of the right granted by section 496 of the Law of Civil Procedure, he requested that said José San Miguel y Prieto and Pedro Angel, make affidavit regarding the exhibition of the will, codicil or testamentary memorandum, and that José San Miguel y Prieto make affidavit as to whether he had remained as depositary and administrator of the property left by Manuel San Miguel y Prieto on the death of the latter; whether he was his testamentary executor and, if not, in what capacity and by virtue of what titles he had in his possession property of every description that had belonged to Manuel San Miguel y Prieto; that a like affidavit be made by Pedro, regarding the property that had belonged to Manuel San Miguel y Prieto and in part been transferred to said Angel Pedro by José San Miguel y Prieto, said affidavit to be made under admonition with indecisive oath (*con indecisorio juramento*) of being held to have confessed as to the aforesaid particulars, all this being preparatory to the judicial proceedings his client intended to institute in defense of her rights as intestate heir of her natural son Cándido San Miguel y Rodriguez to whom in turn had belonged the intestate inheritance of said Manuel San Miguel y Prieto, as the latter's natural son. Said petition was presented on the 3rd of July, 1901, together with a certificate of the order containing the designation of intestate heir made in favor of his client as natural mother of her deceased son Cándido San Miguel y Rodriguez; and by a writing of July 22, the date of its presentation, subscribed by attorney Bosch, the notarial office in Manatí and that of La Torre in Arecibo are designated as the places where the will, and record of the inventory, division and partition of the property are on file; there remaining to be presented the affidavit referring to the other particulars mentioned in the petition for the production of documents, as also the affidavit of José San Miguel y Prieto; and the allegation is made that Cándido San Miguel y Rodriguez having been excluded, without just cause, from the inheritance of his natural father, his client is prejudiced in her rights, as heir by force of law upon his death to his intestate succession, and she demands the partition and division of the portion belonging to her deceased

Don Cándido San Miguel y Rodríguez de la herencia de su padre natural sin justa causa se le perjudica en sus derechos de heredero forzoso, por su fallecimiento, á su heredera ab-intestato, su representada, y pide la partición y división de la parte que debió corresponderle á su finado hijo Don Cándido, previa rendición de cuentas que en forma legal y en el término de veinte días debería hacer ante el Tribunal y en la citada testamentaría que comparece, el mandatario para testar, tutor y curador y depositario administrador de los bienes quedados al fallecimiento de Don Manuel San Miguel y Prieto, con la de sus frutos producidos y debidos producir durante el transcurso de años que los ha estado administrando sin fianza y sin rendir cuentas.·

II.—*Resultando:* que como fundamentos de derecho alegó los artículos 657, 658, 659, 668, 675, 944, 1073, 1074 y 1068 del Código Civil referentes á las Sucesiones y particiones *mortis causa,* y las prescripciones de la Ley de Enjuiciamiento Civil acerca de las rendiciones de cuentas en las testamentarías, y terminó pidiendo se declarase con lugar la demanda con las costas.

III.—*Resultando:* que como preliminar á la demanda, la demandante solicitó y obtuvo de esta Corte de Distrito, que se requiriera á los demandados para que exhibieran en la Secretaría del Tribunal el testamento, codicilo ó memoria testamentaria de Don Manuel San Miguel y·Prieto, lo que se practicó; y conferido después traslado de la demanda á los demandados, lo evacuaron Don José San Miguel y Prieto y Don Pedro Angel San Miguel con la dirección del Letrado Don Wenceslao Bosch, exponiendo: que con fecha 25 de Junio de 1884, Don José San Miguel y Prieto otorgó ante el⁻Notario de Morovis, Don Francisco Tomás, el testamento que le encargó en el poder que le otorgara con fecha 8 de Junio de 1881 ante el propio Notario, su hermano Don Manuel San Miguel y Prieto; y en cumplimiento de la voluntad de éste, nombró por único y universal heredero al hijo natural reconocido de Don Manuel, nombrado Angel Pedro San Miguel y Rodríguez; que con fecha 22 de Agosto del año citado de 1884, los albaceas testamentarios de Don Manuel San Miguel y Prieto, que lo eran Don José San Miguel y Prieto y Don Fernando Caso, el primero con el carácter, además, de curador ad-bona del menor y único heredero Don Angel Pedro San Miguel; y Don Rodrigo del Rio como apoderado del finado Don Manuel San Miguel, procedieron·á inventariar los bienes quedados al fallecimiento de éste practicando los avalúos y demás operaciones divisorias del caudal relicto, que adjudicaron al heredero don Angel Pedro San Miguel y Rodríguez; que éste disfrutó de los bienes adjudicados bajo la tutela del tutor testamentario Don José San Miguel Prieto y la inspección de un Consejo de familia constituido con todas las condiciones de Ley, cuyo Consejo aprobó la gestión del tutor, aprobación que después ratificó el Don Pedro Angel San Miguel Rodríguez al llegar á la mayor edad, según todo consta de la escritura que con fecha 31 de Octubre de 1900 otorgaron los expresados Don José San Miguel y Prieto y Don

son Cándido, after a rendition of accounts in a legal manner and within a period of twenty days, before the court and in aforesaid intestate proceedings, to which she enters an appearance, said rendition to be made by the agent appointed to execute the will, as guardian, curator and depositary-administrator of the property left at the death of Manuel San Miguel y Prieto, accounting likewise for the products accrued or that should have accrued during the years he has managed said property without furnishing a bond or producing an account.

II.—As legal authority counsel for plaintiff cited sections 657, 658, 659 668, 675, 944, 1073, 1074 and 1068 of the Civil Code referring to sucessions and partitions *causa mortis*, and the provisions of the Law of Civil Procedure concerning the rendition of accounts in testamentary proceedings, and closed with the prayer that the complaint be sustained with costs against defendants.

III.—As preliminary to the complaint the plaintiff requested and obtained from the district court an order to the effect that the defendants be required to exhibit the will, codicil, or testamentary memorandum of Manuel San Miguel y Prieto, in the office of the clerk of the court, which was done. Notice of the complaint having been served upon the defendants it was answered by José San Miguel y Prieto and Pedro Angel San Miguel, through their counsel Wenceslao Bosch Esq., alleging that under date of June 25, 1884, José San Miguel y Prieto had executed before notary Francisco Tomás, of Morovis, the will that had been commended to him by his brother Manuel San Miguel y Prieto, in the power of attorney executed in his favor under date of June 8, 1881, before the same notary; that in compliance with the grantor's will, he had instituted as sole and universal heir his acknowledged natural son, Angel Pedro San Miguel y Rodriguez; that under date of August 22 of the year 1884, the testamentary executors of Manuel San Miguel y Prieto, namely, José San Miguel y Prieto and Fernando Caso, the former being also *curator bonis* of the minor and sole heir Angel Pedro San Miguel, together with Rodrigo del Río, as attorney-in-fact of the late Manuel San Miguel proceeded to make an inventory of the property left upon the latter's death, after duly appraising and apportioning the estate, which was adjudicated to the heir Angel Pedro San Miguel y Rodriguez; that the latter enjoyed the property adjudicated under the guardianship of the testamentary guardian José San Miguel y Prieto and the inspection of a family council constituted in accordance with all the requirements of the law, which council had approved the management of the guardian, said approval being afterwards ratified by Pedro Angel San Miguel y Rodriguez when he became of age, as appears in the instrument executed October 31, 1900, by both the aforesaid José San Miguel y Prieto and Angel Pedro San Miguel y Rodriguez, before notary Manuel Valdés

Angel Pedro San Miguel y Rodríguez ante el Notario de Manatí Don Manuel Valdés Cajas; que con fecha 5 de Febrero de 1895, Doña Florentina Rodríguez compareció asistida de su legítimo esposo Don Antonio María Santiago ante el Juez Municipal de Ciales, y expuso textualmente: "que por virtud del fallecimiento de su hijo Don Cándido San Miguel, hijo también reconocido de Don Manuel San Miguel, ya difunto, estaba el exponente en la creencia de que tenía derecho á los bienes dejados á su fallecimiento, ó parte de ellos, los cuales han sido adjudicados á otro hijo de la dicente llamado Angel Pedro San Miguel, y con ese motivo la exponente había intentado por medio de apoderado que designó, habilitarse de pobre ante el Juzgado de Primera Instancia de Arecibo, con el fin de seguir litigio en reclamación de los bienes que por el concepto dicho, que es el de madre del finado Cándido San Miguel, pudiera tener en aquellos bienes; que deseosa de evitar las molestias, gastos y disgustos que pueda ocasionar ese litigio, convencida de que esos bienes están adjudicados y disfruta su hijo Don Angel Pedro San Miguel, ha resuelto desistir y desiste de la reclamación que tenía intentada, y se quita y aparta, desde luego y para siempre, de cuantos derechos y acciones pudieran corresponderle en los bienes de su finado hijo Cándido, que falleció de once años de edad, y los cede y traspasa á su citado hijo Don Angel Pedro San Miguel, á quien están adjudicados en testamentaría y está en posesión de los mismos"; y que entre el nacimiento de Don Cándido San Miguel, 4 de Septiembre de 1881, y el fallecimiento de Don Manuel San Miguel, 26 de Abril de 1884, transcurrieron dos años siete meses, tiempo más que suficiente para que Don Manuel San Miguel hubiera podido modificar su postrera voluntad después del nacimiento de dicho Don Cándido, y si no lo hizo es que no tuvo intención de dejarle nada, ó que le asaltaran escrúpulos acerca de si el Don Cándido era ó no hijo suyo.

IV.—*Resultando:* que como fundamentos de derecho adujo las prescripciones anteriores al Código Civil de 1889 y las disposiciones transitorias del mismo acerca del paso de la antigua á la moderna legislación, y suplicó en definitiva que se desestimaja la demanda con las costas á la demandante.

V.—*Resultando:* que juntamente con la contestación á la demanda se acompañó por los demandados el poder que otorgó Don Manuel San Miguel y Prieto á su hermano el demandado Don José de los mismos apellidos para testar en nombre del primero y además el testamento en virtud del cual Don Angel Pedro San Miguel y Rodríguez quedó instituido único y universal heredero de su padre natural Don Manuel: Operaciones divisorias del caudal relicto por el testador, protocolizadas en la Notaría del difunto Don José A. de la Torre, de Arecibo: escritura de aprobación del Consejo de familia del menor Don Pedro Angel San Miguel, de la gestión del tutor Don José, ratificada por el expresado menor cuando llegó á su mayor edad. Acta del Juzgado Municipal de Ciales suscrita por la demandante Doña Florentina

Cajas, of Manatí; that on February 5, 1895, Florentina Rodriguez, accompanied by her legitimate husband, Antonio María Santiago, had appeared before the Municipal Judge of Ciales, and declared "that by virtue of the death of her son, Cándido San Miguel, who was also an acknowledged son of Manuel San Miguel, deceased, she was in the belief that he had a right to the property left at his father's death or to a part thereof, which had been adjudicated to her other son named Angel Pedro San Miguel, wherefore she had intended, through an attorney-in-fact, to secure authorization to sue *in forma pauperis* in the Court of First Instance of Arecibo, for the recovery, in the aforesaid capacity, namely, that of mother of the deceased Cándido San Miguel, of such interest as she might have in said property; that being desirous of avoiding the troubles, expenses and unpleasantness to which said suit might give rise, realizing that the property has been adjudicated to, and is in possession of, her son Angel Pedro San Miguel, she has decided to withdraw, and does withdraw, the claim she had intended to prosecute, and renounces, now and forever, all the rights and actions which she might have in the property of her deceased son, Cándido, who died in his eleventh year, and cedes and conveys the same to her aforesaid son Angel Pedro San Miguel, to whom it is adjudicated and whereof he is in possession;" and that between the birth of Cándido San Miguel, September 4, 1881, and the demise of Manuel San Miguel, April 26, 1884, two years and seven months had elapsed, during which interval Manuel San Miguel had more than sufficient time to modify his last will and testament after the birth of said Cándido, and if he failed to do so, it was either because he had no intention to leave him anything, or entertained doubts as to whether Cándido was his son or not.

IV.—As legal grounds, counsel for defendants invoked the legal provisions in force prior to the Civil Code of 1889 and the temporary provisions thereof with respect to the change from the old to the new legislation, and finally prayed that the complaint be dismissed with costs against the plaintiff.

V.—Together with their answer to the complaint defendants filed the power of attorney executed by Manuel San Miguel y Prieto authorizing his brother José, one of the defendants herein, to make a will in the name of the former, and also the will by virtue whereof Angel Pedro San Miguel y Rodriguez was made sole and universal heir of his natural father Manuel San Miguel : the record of proceedings in the partition of the testator's estate, on file in the notarial office of the late José A. de la Torre, of Arecibo ; the instrument executed by the minor Pedro Angel San Miguel's family council, approving the management of the guardian José San Miguel, and ratified by said minor when he reached his majority; an act of the Municipal Court of Ciales, signed by the plaintiff Florentina Rodriguez, joined by her present husband, José María Santiago, whereby she forever desists from prosecuting

Rodríguez asistida de su actual esposo Don José María Santiago, desistiendo para siempre de entablar reclamaciones con motivo de la herencia del demandado Don Angel Pedro; carta privada del Agente Don Enrique Pouza, fechada siete meses después del acta judicial ante el Juzgado Municipal de Ciales, relativa á ofrecimiento de los servicios del anterior para caso de nuevas reclamaciones en los Tribunales.

VI.—*Resultando:* que abierto el pleito á prueba, la demandante propuso, y después renunció, la de confesión judicial de los demandados, y testifical, que también renunció; y como documental, poder otorgado para testar por Don Manuel á su hermano; testamento de Don Manuel; documento de rendición de cuentas de don José; acta del Juzgado Municipal de Ciales sobre renuncia y desistimiento de Doña Florentina Rodríguez, carta privada de Pouza; sentencia ejecutoria declarando hijo natural de Don Manuel San Miguel y Prieto á su hijo Don Cándido; escritura de cesión de derechos y acciones otorgada por Doña Florentina Rodríguez á Don Ramón Quintero; certificación de contribuciones por ganado que pagaba Don Manuel, difunto; auto de declaración de herederos ab-intestato del Don Cándido á favor de su madre natural la Doña Florentina; partidas de bautismo y de defunción del Don Cándido; partida de defunción de Don Manuel; dictamen fiscal en el nombramiento de tutor de Don José San Miguel y Prieto, sobre la necesidad de que prestara fianza antes de empezar á ejercer el cargo y sobre la necesidad de que Don Cándido acreditara su cualidad de hijo impuber.

VII.—*Resultando:* que los demandados propusieron como documental, certificación del Secretario de esta Corte, relativa al escrito de demanda de pobreza entablada por Doña Florentina Rodríguez en 1894, para litigar con los hoy demandados, y prueba subsidiaria de cotejo para el caso de que fuere negada la autenticidad de los documentos presentados con la contestación á la demanda.

VIII.—*Resultando:* que practicada toda la prueba ·propuesta y celebrado el juicio con la asistencia de los abogados de las partes, el Tribunal votó esta sentencia por unanimidad.

IX.—*Resultando:* que en la tramitación del pleito se han observado las prescripciones legales.—Siendo Ponente el Juez Presidente del Tribunal, Don Felipe Cuchí y Arnau.

I.—*Considerando:* que habiéndose otorgado el testamento por comisario de Don Manuel San Miguel y Prieto en el pueblo de Manatí el dia 28 de Junio de 1884, y habiendo ocurrido el nacimiento del niño Cándido San Miguel Rodríguez, hijo natural reconocido del testador en 4 de Septiembre de·1881, el derecho aplicable á las pretensiones de los litigantes en ·este pleito es el anterior al.Código Civil de 1889, ó sea, el contenido en la Ley I, título V, Libro IV del Fuero Juzgo; las leyes I y II, Título VI, Libro III del

any claims against the inheritance of the defendant Angel Pedro: a private letter from the agent Enrique Pouza, dated seven months after the judicial act executed before the Municipal Court of Ciales, wherein he offers his services in the event of new claims being prosecuted before the courts.

VI.—The stage in the proceedings for the introduction of evidence having been reached, plaintiff proposed, but afterward waived, that of confession in court by the defendants, and the testimony of witnesses, which she also waived: and as documentary evidence, the power of attorney given by Manuel San Miguel to his brother José, for the purpose of making his will; Manuel San Miguel's will; document showing rendition of accounts by José San Miguel y Prieto, the act of the Municipal Court of Ciales, referring to the renunciation and withdrawal of all claims by Florentina Rodriguez; a private letter from Pouza; the executory judgment of the court declaring Cándido to be the natural son of Manuel San Miguel y Prieto; a deed of assignment of rights and actions executed by Florentina Rodriguez in favor of Ramón Quintero; a certificate of taxes on cattle paid by Manuel San Miguel, deceased; a judicial declaration of intestate heirs of Cándido San Miguel, made in favor of his natural mother, Florentina; certificates of baptism and death of Cándido; a certificate of death of Manuel San Miguel; opinion of the *Fiscal* when José San Miguel y Prieto was appointed guardian, as to the necessity of his giving bond before entering upon his duties and of Cándido's proving that he had not reached the age of puberty.

VII.—The defendants offered as documentary evidence, a certificate of the clerk of this court, referring to the petition to sue *in forma pauperis* presented by Florentina Rodriguez in 1894 for the purpose of litigating with the defendants herein, and supplemental evidence of comparison of handwriting in case the authenticity of the documents presented with the answer to the complaint, should be denied.

VIII.—All the evidence proposed having been taken and the hearing proceeded with, counsel for both parties being present, the court unanimously rendered this judgment.

IX.—All the legal provisions have been observed in the conduct of this suit. Presiding Judge Felipe Cuchí y Arnau, prepared the opinion.

"I.—Inasmuch as the testament, made by request of Manuel San Miguel y Prieto in the town of Manatí, was executed June 28, 1884, and the birth of Cándido San Miguel Rodriguez, acknowledged natural son of the testator, occurred on the 4th of September, 1881, the law applicable to the contentions of the parties to this suit is the law that was in force prior to the Civil Code of 1889, namely, that contained in Law I, Title V, Book IV of the *Fuero Juzgo*; Laws I and II, Title VI, Book III of the *Fuero Real*; Laws VI and XXIX of *Toro*, and Laws I and VIII, Title II, Book I of the *Novísima Recopilación*.

Fuero Real; las leyes VI y XXIX de Toro, y las leyes I y VIII, Título II, Libro I de la Novísima Recopilación.

II.—*Considerando:* que en ninguna de las citadas leyes se establece, bajo ningún concepto, que los hijos naturales, ó sean los habidos por el ayuntamiento de un hombre soltero con una mujer soltera, tengan derecho á heredar fuera de testamento á sus padres naturales, y ni la Ley IX, Título XIII de la Partida VI, alegada *in voce* por el demandante en el acto del juicio oral de este pleito, ni ninguna otra anterior al Código Civil de 1889 dispone lo contrario.

III.—*Considerando:* que el testamento de Don Manuel San Miguel y Prieto, otorgado por Comisario en Manatí el 28 de Junio de 1884, instituyendo voluntariamente como único ·y universal heredero de sus bienes á su hijo natural Don Angel Pedro San Miguel y Rodríguez, es perfectamente válido y no puede impugnarse á título de inoficioso bajo el pretexto de que en él no se comprendiera al otro hijo natural del testador Don Cándido, pues que el instituir heredero á un hijo natural es acto puramente voluntario del testador, y Don Manuel San Miguel y Prieto pudo instituir á quien buenamente quisiera, toda vez que ni estaba formalmente casado con Doña Florentina Rodríguez, ni tenía de ella ni de ninguna otra mujer, hijos legítimos que pudieran alegar el carácter de herederos forzosos.

IV.—*Considerando:* que las acciones de inoficioso testamento, de petición de herencia y· expletoria ó *ad-suplementum* ejércitadas por la demandante en este pleito, carecen por completo de fundamento, puesto que todas ellas descansan en un supuesto erróneo, cual es, el del pretendido derecho en el hijo natural Don Cándido San Miguel y Rodríguez á ser heredero de su difunto padre Don Manuel.

V.—*Considerando:* que así debió entenderlo la demandante Doña Florentina Rodríguez Rivera en 5 de Febrero de 1895, cuando hizo constar ante el Juez Municipal de· Ciales, con motivo de su desistimiento á continuar el litigio que entonces comenzaba reclamando lo mismo que ahora reclama, que si bien había estado en la creencia de que tenía algún derecho á la herencia adjudicada por testamento á su otro hijo Don Angel Pedro San Miguel, desistía de entablar jamás reclamaciones con tal fin.

VI.—*Considerando:* en cuanto al segundo extremo de la demanda, esto es, á la declaración de nulidad del acta de discernimiento del tutor del menor Don Angel Pedro San Miguel, otorgada ante el Juez de Primera Instancia de Arecibo en 29 de Julio de 1884, por haberse hecho en oposición á lo mandado por el mismo Juez con el parecer del Promotor Fiscal, quienes exigieron al tutor la fianza correspondiente antes de entrar en el ejercicio de la tutela, y sin embargo no la prestó el tutor, es improcedente al cabo de veinte y siete años hacer tal declaración de nulidad, porque no todas las personas pueden solicitar semejantes declaraciones, sino únicamente los interesados directa-

II.—In none of the aforesaid laws is it in any wise provided that natural children, namely, children had by carnal copulation between an unmarried man and an unmarried woman, had a right to inherit from their natural parents except by virtue of testamentary disposition, and neither Law IX, Title XIII of *Partida* VI, alleged by plaintiff at the oral hearing, nor any other prior to the Civil Code of 1889, provides anything to the contrary.

III.—The will of Manuel San Miguel y Prieto, executed by his attorney-in-fact in Manatí on June 28, 1884, voluntarily constituting as sole and universal heir of his property, his natural son, Angel Pedro San Miguel y Rodriguez, is perfectly valid and cannot be attacked as irregular on the plea that the other natural son of the testator was not included therein, because the constituting of a natural child as heir is purely a voluntary act on the part of the testator, and Manuel San Miguel y Prieto could constitute as heir whomsoever he pleased, since he was not formally married to Florentina Rodriguez, nor had he any legitimate children, either with her or with any other woman, who could allege the right of heirs by force of law.

IV.—Action for irregularities in the execution of wills and the recovery of inheritance, as exercised by plaintiff in this suit, cannot be sustained, being based on an erroneous supposition, namely, the assumed right of the natural son Cándido San Miguel y Rodriguez, to be heir of his deceased father Manuel San Miguel y Rodriguez.

V.—Florentina Rodriguez Rivera, the plaintiff, must have realized this fact when, in February 5, 1895, she declared before the Municipal Judge of Ciales, on the occasion of her discontinuing the suit she had then commenced for the same purpose, that although she had been under the impression that she had some right to the inheritance awarded to her other son, Angel Pedro San Miguel, she forever desisted from prosecuting such a claim.

VI.—With regard to the second prayer contained in the complaint, namely, that the instrument designating the guardian of the minor, Angel Pedro San Miguel, executed before the Judge of First Instance of Arecibo, on July 29, 1884, be declared null and void, because it was made contrary to the order of the said Judge with the approval of the *Fiscal*, who required the guardian to furnish the proper bond before entering upon his duties, notwithstanding which said guardian had failed to do so, the declaration of nullity, after the lapse of twenty seven years, does not lie, because it is not everybody who can make such a demand, but only those directly interested in the act or contract sought to be annulled, and the plaintiff, Florentina Rodriguez, cannot make such a request because her son, the one who was under guardianship, Angel Pedro San Miguel, having attained his majority, has expressed his approval of the act of his uncle and guardian.

VII.—For the same reasons, the nullity of the partition made after the death of Manuel San Miguel y Prieto, as demanded by the plaintiff, should

mente en el acto ó contrato que se pretende anular, y aquí la demandante Doña Florentina Rodríguez no puede pretenderlo, porque un hijo, el sujeto á tutela, Don Angel Pedro San Miguel, es mayor de edad, y éste ha mostrado ya estar conforme con la gestión de su tio y tutor.

VII.— *Considerando:* que por idénticas razones debe desestimarse la nulidad que pretende la demandante de las operaciones divisorias practicadas al fallecimiento de Don Manuel San Miguel y Prieto, porque dichas operaciones divisorias solo afectan al heredero Don Angel Pedro San Miguel y Rodríguez, quien además de no pedir ahora nulidades de ninguna clase, tampoco las ha pedido en los veinte y tantos años que hace se llevaron á efecto.

VIII.— *Considerando:* que aún en la hipótesis de que la demandante Doña Florentina Rodríguez tuviera acción para solicitar la rescisión de las operaciones divisorias del caudal relicto de Don Manuel San Miguel y Prieto, practicadas en 1884, esa acción ha prescrito ya, porque según la cuarta de las disposiciones transitorias del Código Civil, las acciones no ejercitadas antes de regir el Código subsistirían en la extensión y en los términos que le reconociera la legislación anterior al Código, pero sujetándose, en cuanto á su ejercicio y duración, á lo dispuesto en dicho Código Civil, y la acción rescisoria de la partición solo dura cuatro años, conforme al artículo 1076 del Código Civil.

IX.— *Considerando:* á mayor abundamiento, que el artículo 1939 del Código Civil dice que la prescripción comenzada antes de la publicación del Código Civil, se regirá por las leyes anteriores al mismo, pero si desde que fuere puesto en observancia transcurriera todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo; y habiéndose hecho extensivo á Puerto Rico el Código Civil en 31 de Julio de 1889, y comenzado á regir en la isla desde el 1o. de Enero de 1890, es obvio que hasta la fecha han transcurrido con exceso los cuatro años necesarios para que prescriba la acción rescisoria mencionada en el Considerando anterior.

X.— *Considerando:* que la demandante Doña Florentina Rodríguez de Santiago tampoco puede exigir del tutor Don José San Miguel y Prieto que le rinda cuenta de su gestión como tutor del menor Angel Pedro San Miguel, porque dicho tutor ya rindió oportunamente sus cuentas al Conséjo de familia de dicho menor, y la demandante, si bien es madre natural de éste, nunca tuvo la patria potestad sobre él, porque el artículo 64 de la Ley de Matrimonio Civil concediendo el derecho de patria potestad sobre los hijos no emancipados, que se hizo extensiva á Puerto Rico en 2 de Marzo de 1888, exigía que los hijos fueran legítimos y no naturales como en el caso de Doña Florentina Rodriguez y su hijo Don Angel Pedro San Miguel.

XI.— *Considerando:* que el tutor Don José San Miguel y Prieto bajo ningún concepto tuvo obligación de dar intervención á la demandante en el

be disregarded, because said partition affects only the heir Angel Pedro San Miguel y Rodriguez, who does not call for nullities of any sort, now, nor has he ever demanded any, during the twenty and odd years that have elapsed since the division was made.

VIII.—Even in the supposition that the plaintiff, Florentina Rodriguez,. did have any right to demand the rescission of the partition of Manuel San Miguel's estate, made in 1884, such right has already prescribed, because under the fourth transitory provision of the Civil Code, actions and rights: not exercised before said Code went into operation, shall continue in the terms in, and the extent to, which proceding legislation may have recognized them, but are subject with reference to their exercise and duration to the provisions of said Civil Code, and the action to rescind a division prescribes after four years, according to article 1076 of the Civil Code.

IX.—Furthermore, article 1939 of said Civil Code states that the prescription, which began to run before the publication thereof, shall be governed by the prior laws; but if after said Code has become operative, all the time required in the same for prescription has elapsed, it shall be effectual, even if according to said prior laws a longer period of time may be required; and inasmuch as said Civil Code was made applicable to Porto Rico in July 31, 1889, and took effect in the Island on and after January 1, 1890, it is evident that the four years necessary for the prescription of the rescissory action hereinbefore mentioned, has more than fully elapsed.

X.—Neither can the plaintiff, Florentina Rodríguez de Santiago, call upon the guardian José San Miguel y Prieto for an accounting of his guardianship, because he had in due time produced his accounts to the family council, and plaintiff, although the natural mother of the minor, never exercised parental authority over him, inasmuch as article 64 of the Civil Marriage Law, granting the right of parental authority over children not emancipated, made applicable to Porto Rico, March 2, 1888, required that the children should be legitimate, and not natural as is the case with Florentina Rodríguez and her son Angel Pedro San Miguel.

XI.—The guardian José San Miguel y Prieto was in no sense bound to allow the plaintiff intervention in the estate of Manuel San Miguel y Prieto, upon making delivery thereof to the only heir, Angel Pedro San Miguel y Rodríguez, because said delivery having taken place in the year 1884, the condition of natural mother of the minor, then borne by the plaintiff, did not invest her with any right with respect to the inheritance which her son received from his natural father, since the only law then in force as to the authority of mothers over their children, was Law II, Title XVII, Partida IV, which absolutely denies to mothers any authority over their children and their property.

XII.—According to Rule 63 of General Order No. 118, series of 1899

caudal relicto por Don Manuel San Miguel y Prieto, al hacer entrega del mismo al único heredero Don Angel Pedro San Miguel y Rodriguez, porque habiéndose hecho ésto en el año 1884, la condición de madre natural del menor Angel Pedro, que ostentaba entonces la demandante, no la investía de ningún derecho en cuanto á las herencias que recibiere su hijo de su padre natural, puesto que la única ley vigente entonces sobre la potestad de las madres hacia sus hijos, es la Ley II, Título XVII de la Partida IV, que niega en absoluto á las madres potestad sobre sus hijos y sus bienes.

XII.—*Considerando:* que conforme á lo ordenado en la regla 63 de la Orden General número 118 de 1899, las costas de todo pleito se impondrán al litigante cuyas pretensiones hubiesen sido totalmente desestimadas.— *Vistas* las leyes mencionadas en los anteriores *Considerandos,* el artículo 371 de la Ley de Enjuiciamiento Civil referente á la manera de redactar las sentencias y la Orden General número 118 de 1899.—*Fallamos* que debemos declarar y declaramos sin lugar la demanda interpuesta por Doña Florentina Rodriguez de Santiago, heredera *ab-intestato* de su hijo natural Cándido San Miguel y Rodriguez, con las costas á la demandante.

Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.— Felipe Cuchí.—Otto Schoenrich.—Enrique González Darder.—Publicación : Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal, Don Felipe Cuchí Arnau, en la audiencia de hoy 13 de Febrero de 1903.—Certifico : José E. Figueras.

*Resultando* que contra esa sentencia interpuso la representación de la demandante Doña Florentina Rodriguez y Rivera recurso de casación por infracción de ley que le fué admitido, y elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personadas éstas, se entregaron los autos para instrución á sus respectivos defensores, en cumplimiento de lo dispuesto por la ley votada por la Asamblea Legislativa de esta Isla y aprobada en 12 de Marzo último, convirtiendo esta Corte Suprema en Tribunal de Apelación; y devueltos, se trajeron los autos á la vista, con citación de las partes para sentencia, cuyo acto tuvo lugar el 6 del corriente, con asistencia de los Abogados defensores de las partes Don Ramón Falcón y Elías, por la apelante, y Don Wenceslao Bosch por los apelados.

Abogados del apelante : *Sres Ramos (Juan R.)* y *Falcón.*
Abogado de los apelados : *Sr. Bosch.*

El Juez Presidente Sr. Quiñones, después de exponer

costs of suits shall be paid by the litigant who loses his case on all points. In view of the laws hereinbefore cited, article 371 of the Law of ·Civil Procedure referring to the manner of drafting judgments, and General Order No. 118, series of 1899, we adjudge that we should declare and do declare that the complaint brought by Florentina Rodríguez de Santiago, intestate heir of her natural son Cándido San Miguel y Rodríguez, does not lie, and tax costs against plaintiff.

Thus by this our judgment, we pronunce, order and sign—Felipe Cuchí—Otto Schoenrich—Enrique González Darder—Publication—The foregoing judgment was read and published by the Presiding Judge of the court, Felipe Cuchí y Arnau, at the hearing held February 13, 1903—To which I certify: José E. Figueras.

From the foregoing judgment the plaintiff, Florentina Rodriguez y Rivera, through her counsel, took an appeal in cassation for error of law, which was allowed. The record having been forwarded to this Supreme Court, and the parties cited, the latter appeared. and the record was deli-: vered to their respective counsel for their information, pursuant to the provisions of an Act of the Legislative Assembly of this Island, approved March 12, 1903, establishing this Supreme Court as a court of appeals. Upon the return of the record it was brought to the attention of the court and the parties summoned for judgment, which was rendered on the 6th instant.

*Mr. Ramón Falcón y Elías* and *Mr. Wenceslao Bosch* respectively, representing the appellant and respondent.

*Mr. Juan R. Ramos* and *Mr. Falcón* for appellant.

*Mr. Bosch,* for respondents.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court, as ·follows:

The findings of fact contained in the judgment appealed from, and the conclusions of law, excepting the two first mentioned, are accepted.

According to the twelfth transitory provision of the old ·Civil Code, rights to the inheritance of a person who may have died with or without executing a will, before said code

los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada, y los de derecho, á excepción de los dos primeros.

*Considerando:* que con arreglo á la duodécima disposición transitoria del antiguo Código Civil, los derechos á la herencia del que hubiese fallecido con testamento ó sin él antes de hallarse en vigor dicho Código, se regirán por la legislación anterior; y por consiguiente habiendo fallecido Don Manuel San Miguel y Prieto, de cuya sucesión se trata en estos autos, bajo testamento, en 25 de Abril de 1884, seis años antes de haber comenzado á regir en esta Isla el antiguo Código Civil, es á la legislación anterior al mismo á la que debe acudirse para ventilar los derechos que pudiera tener á la herencia de su difunto padre Don Manuel San Miguel, su hijo natural reconocido Don Cándido San Miguel y Rodriguez, muerto á la edad de diez años, en 26 de Abril de 1892, y que reclama hoy como su heredera y representante de todas sus acciones y derechos, su madre natural la demandante Doña Florentina Rodriguez y Rivera.

*Considerando* que con arreglo á la legislación anterior al Código Civil antiguo, los hijos naturales reconocidos no tenían en ningún caso respecto á su padre natural la consideración de herederos forzosos, pues la ley 8ª, Título 13 de la Partida 6ª que se invoca por la representación de la apelante en su escrito interponiendo el recurso, sólo les concedía, en el caso de morir el padre sin testamento y sin dejar hijos ó descendientes legítimos, una sexta parte de la herencia que debían partir con su madre, aunque á ello se opusiera la viuda del difunto, como lo explica la Ley siguiente de Partida; y la de 16 de Mayo de 1835, si bien llamaba á los hijos naturales reconocidos á la herencia del padre, ésto era sólo en defecto de descendientes ó ascendientes legítimos y de colaterales dentro del cuarto grado civil inclusive, y siempre en el caso de la Sucesión intestada del padre, pues muriendo éste con testamento, todo el derecho

went into force, shall be governed by the prior legislation; and, therefore, as Manuel San Miguel y Prieto, whose succession is the object of this contention, died on April 25, 1884, after having made a will, six years before the old Civil Code became effective in this Island, the laws in force prior thereto are those to which we must turn in the consideration of such rights as his acknowledged natural son, Cándido San Miguel y Rodriguez, who died at the age of ten years, on April 26, 1892, might have to the inheritance of his deceased father, Manuel San Miguel, the same being now claimed by his natural mother, Florentina Rodriguez y Rivera, the plaintiff, as heir and representative of all his actions and rights.

Under the laws existing prior to the old Civil Code, acknowledged natural children were in no case considered heirs of their natural father, by force of law, inasmuch as Law 8, Title 13, of *Partida* 6, invoked by counsel for appellant in his notice of appeal, allowed them in case of their father's dying intestate and without leaving legitimate children or descendants, only one-sixth part of the inheritance which they were to divide with their mother, despite the opposition that might be made by the deceased's widow, as explained in the succeeding *Partida* law; and that of May 16, 1835, notwithstanding the fact that it admitted acknowledged natural children to the father's inheritance, this was only in the absence of legitimate descendants and of collaterals within the fourth civil degree inclusive, and always in case of the father's intestate succession, for if he should make a will before his death, all the rights of the natural child were limited to a demand of support from the heir constituted in accordance with aforesaid Law 8, Title 13 of *Partida* 6.

Nor do the alleged rights of the minor Cándido San Miguel y Rodriguez, to the inheritance of his deceased natural father, Manuel San Miguel y Prieto, find greater confirmation in the power of attorney to make a last will, executed

del hijo natural se reducía á reclamar alimentos al heredero instituído con arreglo á la citada Ley 8ª, Título 13º, de la Partida 6ª.

*Considerando* que tampoco encuentran mayor confirmación los pretendidos derechos del menor Don Cándido San Miguel y Rodriguez á la herencia de su difunto padre natural Don Manuel San Miguel y Prieto, en el poder para testar otorgado por éste en 8 de Junio de 1881, á favor de su hermano Don José de los mismos apellidos, pues aún suponiéndose que la cláusula del citado poder por la que autorizaba á su hermano y apoderado para nombrar tutores y curadores á sus hijos, sin nombrarlos, envolviera el reconocimiento tácito como hijo natural suyo del niño que tres meses después dió á luz la demandante Doña Florentina Rodriguez y Rivera y al que se puso por nombre Cándido, y se hizo figurar como hijo natural reconocido del Don Manuel San Miguel y Doña Florentina Rodriguez en su partida de bautismo, esta circunstancia por sí sola no le daba ningún derecho á la herencia de su citado padre natural, Don Manuel San Miguel, pues careciendo éste, como carecía, de herederos forzosos, pudo dejar todos sus bienes á quien tuviera por conveniente y por consiguiente instituir por único y universal heredero á su otro hijo natural Don Angel Pedro San Miguel con preferencia al póstumo, que estaba por nacer, máxime no habiéndose probado que la intención del testador fuera la de incluirle también en la institución de heredero que contenía el poder para testar en favor de su hermano Don Angel, pues con arreglo á la Ley 5ª, Título 33º de la Partida 7ª, las palabras del testador deben entenderse llanamente y como suenan, á no ser que aparezca de cierto que fuera otra su voluntad; y en el presente caso, ni se ha probado que la intención del testador fuera la de incluir también al postumo en la institución de heredero, por el contrario, lo que resulta es que habiendo muerto Don Manuel San Miguel dos años después del nacimiento de su hijo Don Cándido, tuvo tiempo más

by the latter on June 8, 1881, in favor of his brother José of the same surname, for even in the supposition that the clause of said power of attorney, by which he authorized his brother and attorney-in-fact to appoint guardians and curators for his children, without mentioning them, implied the tacit acknowledgement of the child as his, to whom Florentina Rodriguez y Rivera gave birth three months later, and who was named Cándido and entered on his certificate of baptism as an acknowledged natural child of Manuel San Miguel and Florentina Rodriguez, this circumstance, by itself alone, did not give him any right to the inheritance of his said natural father, Manuel San Miguel, for inasmuch as the latter had no heirs by force of law, he could devise all his property to whomsoever he pleased, and consequently constitute as sole and universal heir his other natural child, Angel Pedro San Miguel, in preference to the posthumous one, who was yet unborn, especially when it has not been shown that it was the intention of the testator to constitute him also an heir under the power of attorney to make a will, in favor of his brother Angel, for pursuant to Law 5, Title 33 of Partida 7, the words of the testator should be understood in their literal meaning, unless it appears that his intention was different; and in the present case it has not been proved that the intention of the testator was also to include the posthumous child among his appointed heirs, but on the contrary, what appears is that the death of Manuel San Miguel having occurred two years after the birth of his son Cándido, he had more than sufficient time to make an addition to the power of attorney conferred upon his brother, constituting him also as an heir, and as he did not do so, it is evident that it was not his intention to name him as heir along with his brother Angel Pedro, and that the letter of the aforesaid power of attorney should be abided by in order to make a will in conformity with the clear intention of the testator.

In view of the legal provisions cited and others of general

que suficiente para haber adicionado el poder conferido á su hermano, instituyéndolo también por heredero y sin embargo no lo hizo, prueba clara y evidente de que su intención no fué la de nombrarle por heredero en unión de su hermano Don Angel Pedro y que debe estarse al contenido del citado poder para testar como la expresión fiel de la voluntad del testador.

*Vistas* las disposiciones legales citadas y las demás de aplicación general.—*Fallamos* que debemos confirmar y confirmamos la sentencia apelada, con las costas á la apelante Doña Florentina Rodríguez y Rivera.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac-Leary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.